IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAMEON DALEY, :
:
    Plaintiff : CIVIL NO. 1:CV-11-1713
:
v. : (Judge Rambo)
:
KEVIN PIGOS, *et al.*, :
:
    Defendants :

## **M E M O R A N D U M**

Plaintiff Dameon Daley, an inmate presently confined at the United States Penitentiary at Allenwood ("USP-Allenwood") in White Deer, Pennsylvania,[1] filed this Bivens-type action on September 14, 2011, as amended March 7, 2012, against several officials from the Federal Bureau of Prisons ("BOP").[2] (Doc. 35.) In his amended complaint, Daley alleges that Defendants have denied him appropriate dental treatment. Daley seeks monetary and declaratory relief.

Both sets of Defendants have filed motions to dismiss or, in the alternative, for summary judgment. (Docs. 44 & 45.) For the reasons set forth below, the motions will be deemed unopposed and granted without a merits analysis; Daley's amended complaint will be dismissed with prejudice for failure to prosecute and

---

[1] At the time he filed his original complaint, Daley was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").

[2] Named as Defendants are Kevin Pigos, Harrell Watts, G. Maldonado, Jr., J.P. Young, Harley Lappin, Ms. L Wyant, ("BOP Defendants"), and Richard E. Bacon, D.D.S.

for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b); and, the Clerk of Court will be directed to close the case.

I. **Background**

By order dated November 2, 2011, the court directed service of Daley's original complaint. (Doc. 6.) On January 13, 2012, BOP Defendants filed a motion to dismiss and for summary judgment. (Doc. 18.) Defendant Bacon joined in this motion by motion dated February 16, 2012. (Doc. 23.) However, on February 21, 2012, Daley sought leave to amend his complaint with additional allegations and newly-named BOP Defendants. (Doc. 26.) On March 7, 2012, the court granted Daley's motion, accepted the proposed amended complaint for filing, and deemed moot the Defendants' motions to dismiss and for summary judgment. (Doc. 34.)

Thereafter, on May 10, 2012, Defendant Bacon filed a motion to dismiss the amended complaint and/or for summary judgment. (Doc. 44.) BOP Defendants filed a motion to dismiss or, in the alternative, for summary judgment on May 14, 2012. (Doc. 45.)

On June 7, 2012, Daley filed a second motion for leave to amend his complaint. (Doc. 50.) By order dated August 16, 2012, the court deferred the

motion for leave to amend pending disposition of the motions to dismiss or, in the alternative, for summary judgment. (Doc. 55.) That order also directed Daley to file one all-inclusive brief in opposition to the pending motions to dismiss or, in the alternative, for summary judgment, on or before August 30, 2012. (*Id.*) The court warned Daley that failure to oppose the outstanding motions would result in the motions being deemed unopposed and the motions could be granted without a merits analysis. (*Id.*)

On August 24, 2012, Daley filed a motion for appointment of counsel. (Doc. 56.) The court denied that motion on August 30, 2012. (Doc. 57.)

On September 13, 2012, Daley filed a notice of change of address with the court indicating that he would be in transit from USP-Lewisburg beginning on September 11, 2012, and arriving at USP-Allenwood on September 18, 2012.[3] (Doc. 59.) Daley has not communicated with the court in this matter since September 13, 2012. Further, nearly five months have passed since Daley's opposition to the two motions to dismiss or, in the alternative, for summary judgment, was due, and he has neither filed his opposition nor requested a further extension of time in which to do so.

---

[3] The BOP's inmate locator confirms that Plaintiff is currently located at USP-Allenwood. *See* http://www.bop.gov.

3

## II. Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of

dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . . [N]ot all of the *Poulis* factors[4] need be satisfied in order to dismiss a complaint . . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

---

[4] The Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

5

In the instant case, Daley was advised of the requirements of Local Rule 7.6[5] in the Standing Practice Order issued in this case on September 14, 2011. (Doc. 4.) Further, he specifically was directed to comply with Local Rule 7.6 in the court's August 16, 2012 order directing him to file an all-inclusive brief in opposition, and was warned of the consequences of failing to timely file his opposition. (Doc. 55.) Moreover, the court takes judicial notice of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Daley on December 3, 2012 in this court, docketed under a separate case number. *See Daley v. Zickefoose*, Civ. No. 1:12-CV-02405 (M.D. Pa.). In that case, after the court directed service of the petition on Respondent, (*Id.*, Doc. 4), and Respondent sought an extension of time to answer the petition, (*Id.*, Doc. 7), Daley filed a brief in opposition to that motion for an extension on January 3, 2013, (*Id.*, Doc. 9). Both the habeas petition and Daley's brief in opposition to the motion for an extension of time in *Daley v. Zickefoose*, No. 12-2405, were filed after the due date for his brief in opposition in the captioned case. As such, Daley clearly has the ability file documents and communicate with this court.

Nearly four months have passed since Daley's opposition to the two motions

---

[5] Middle District Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed within the required time, he or she will be deemed not to oppose the moving party's motion.

to dismiss or, in the alternative, for summary judgment, was due, and Daley has not filed any brief in opposition or sought an extension of time in which to do so. As a result, the court concludes that Daley's dilatoriness outweighs any of the other considerations set forth in *Poulis*. *See supra* note 4, at 5. Accordingly, the court will deem the pending motions to dismiss or, in the alternative, for summary judgment, to be unopposed and grant the motions; dismiss the amended complaint in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order; deem moot Daley's second motion for leave to amend his complaint; and, direct that this case be closed.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: February 5, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMEON DALEY,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-11-1713 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **KEVIN PIGOS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The unopposed motion to dismiss or, in the alternative, for summary judgment (Doc. 45) filed by Defendants Pigos, Watts, Maldonado, Young, Lappin, and Wyant is **GRANTED**.

2) The unopposed motion to dismiss and/or motion for summary judgment (Doc. 44) filed by Defendant Bacon is **GRANTED**.

3) Plaintiff's amended complaint (Doc. 35) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with a court order.

4) Plaintiff's second motion for leave to amend his complaint (Doc. 50) is

1

**DEEMED MOOT**.

5) The Clerk of Court is directed to **CLOSE** this case.

6) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                   s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  February 5, 2013.